

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Northern Division*

| | | |
|---|---|---|
| *Rod J. Rosenstein*<br>*United States Attorney*<br><br>*Brandis Marsh*<br>*Special Assistant United States Attorney* | *36 South Charles Street*<br>*Fourth Floor*<br>*Baltimore, Maryland 21201* | *DIRECT: 410-209-4897*<br>*MAIN: 410-209-4800*<br>*FAX: 410-962-3124*<br>*TTY/TDD: 410-962-4462* |

March 22, 2013

Premal Dharia, Esquire
Assistant Federal Public Defender
100 South Charles Street, Tower II
Baltimore, Maryland 21201-2724

Re:   United States v. Ralph Thomas
      Criminal No. JKB-12-0491

Dear Ms. Dharia:

This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by **March 27, 2013**, it will be deemed withdrawn. The terms of the agreement are as follows:

### Offense of Conviction

1.   The Defendant agrees to plead guilty to Count Two of the Indictment now pending against him, which charges him with Distribution of Heroin, in violation of 21 U.S.C. § 841(a)(1). The Defendant admits that he is, in fact, guilty of the offense and will so advise the Court.

### Elements of the Offense

2.   The elements of Count Two the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

   a.   That on April 11, 2012 in the District of Maryland the Defendant knowingly possessed a detectable amount of Heroin, a Schedule I Controlled Substance.

Revised  11/5/09

United States v. Ralph Thomas; Criminal No. JKB-12-0491

    b.    That on April 11, 2012 the defendant knowingly distributed the detectable amount of Heroin, Schedule I to Detective Ivan Bell of the Baltimore Police Department.

## Penalties

3.    The maximum sentence provided by statute for the offense to which the Defendant is pleading guilty is as follows: imprisonment for 20 years, followed by a term of supervised release of at least three years, and a $1,000,000 fine. In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

## Waiver of Rights

4.    The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

    a.    If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

    b.    If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

---

[1]    Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

United States v. Ralph Thomas; Criminal No. JKB-12-0491

    c.    If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

    d.    The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

    e.    If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

    f.    By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

    g.    If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

    h.    By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he/she is not a citizen of the United States, pleading guilty may have consequences with respect to his/her immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his/her attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he/she wants to plead guilty regardless of any potential immigration consequences.

United States v. Ralph Thomas; Criminal No. JKB-12-0491

## Advisory Sentencing Guidelines Apply

5. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

## Factual and Advisory Guidelines Stipulation

6. This Office and the Defendant understand, agree and stipulate to the following Statement of Facts which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

   a. Statement of Facts

   On April 11, 2012, Detective Ivan Bell of the Baltimore Police Department was operating in an undercover capacity. Detective Bell entered the 2300 block of Pennsylvania Avenue Baltimore, Maryland. The Detective knows this area to be an open air drug market. Detective Bell was approached by a male. The male engaged Detective Bell in conversation in an attempt to sell controlled and dangerous substances (CDS). During the conversation Detective Bell informed the male that he wanted "one and one" (one bag of heroin and one bag of cocaine.) The male was unable to provide the cocaine but indicated he could supply the heroin. Detective Bell agreed to purchase just the heroin. The male then escorted Detective Bell to the defendant Ralph Thomas. The male called out to Ralph Thomas "Yo, One." Thomas reached into the front waist band of his pants and pulled out one clear plastic bag; inside the bag were multiple smaller bags, each containing heroin. Thomas then handed to Detective Bell one such bag and Detective Bell handed Thomas pre-recorded United States Currency. Detective Bell then left the area with the heroin and alerted an arrest team.

   The arrest team located Thomas in the 2400 block of Pennsylvania Avenue Baltimore, Maryland. As those Officers made contact with Mr. Thomas, they asked Thomas if he had a "gun." At that time, Ralph Thomas fled on foot. As the officers gave chase, Thomas ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ repeatedly placed his hands in his waistband area. Officers repeatedly ordered him to halt and keep



United States v. Ralph Thomas; Criminal No. JKB-12-0491

his hands in view. The pursuit entered the 2400 block of Woodbrook Avenue Baltimore, Maryland. Detective Shawn Lascelle of the Baltimore Police Department observed Thomas remove his hands from his waistband and saw that Thomas was holding a firearm (later identified as a black and silver Hi Point .38 caliber handgun, serial number P746625.) At this time, Thomas threw the handgun into a storm drain. Thomas was apprehended a short time later. Search incident to Thomas's arrest revealed the pre-recorded U.S. Currency that had been used by Detective Bell.

Detectives recovered the black and silver Hi Point .38 caliber handgun, serial number P746625 from the storm drain. The handgun was loaded with eight rounds of .38 caliber ammunition, one round having been chambered. [*The weapon was inoperable, as it was missing the slide retainer pin and the firing pin was broken.*] Detective Lascelle read Thomas his *Miranda* rights. Thomas acknowledged his understanding of those rights. Lascelle asked Thomas, "Did you have the gun for protection?" Thomas stated, "No, if I had it for protection I would not have thrown it."

Thomas was transported to the Baltimore Police Department Western District Station. There Detective Michael J Boyd of the Baltimore Police Department read Thomas his *Miranda* rights. Thomas acknowledged his understanding of those rights. At that time, Thomas made a taped statement admitting that he did possess the Hi Point .38 caliber handgun, serial number P746625 and the ammunition therein. Thomas explained he possessed it as a favor to another individual and he was going to take it to an unidentified woman at Mondawmin Mall.

The suspected heroin purchased by the undercover officer from Thomas was tested and found to be heroin, a schedule I controlled substance. All events occurred in the District of Maryland.

    b.    The parties stipulate and agree that the base offense level for Count Two is **twelve (12)**, pursuant to U.S.S.G. §2D1.1(c)(14), because the amount of heroin was less than 5 grams. This offense level is increase two levels to **fourteen (14)** because a firearm was possessed pursuant to U.S.S.G. §2D1.1(b)(1). The parties stipulate and agree that this offense level is increased to **thirty-two (32)** because the defendant has been previously convicted for two felony controlled dangerous substance offenses and is a **Career Offender** pursuant to U.S.S.G. §4B1.1(b)(2).

<u>United States v. Ralph Thomas</u>; Criminal No. <u>JKB-12-0491</u>

    c. At the time of sentencing, the parties will make a joint recommendation for a sentence of 120 months imprisonment.

    d. This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose any adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty. Based on the foregoing, **the adjusted offense level would be twenty-nine (29).**

   7. The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income. The parties stipulate and agree that the defendant is a **Career Offender** and therefore his **criminal history category is VI**, resulting in a Guideline Range of **151 - 188 months** imprisonment.

   8. This Office and the Defendant agree that with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute.

Forfeiture

   9. The Defendant understands and agrees that as a result of his guilty plea, he will not be permitted to own, possess, or use a firearm. He forfeits all rights, title, and interest in the following firearms:

   One Hi Point .38 caliber handgun, serial number P746625;
   .38 caliber rounds of firearm ammunition;

United States v. Ralph Thomas; Criminal No. JKB-12-0491

## Obligations of the United States Attorney's Office

10. At the time of sentencing, this Office will recommend a sentence of 120 months imprisonment. At the time of sentencing, this Office will move to dismiss any open counts against the Defendant.

11. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct.

## Waiver of Appeal

12. In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

   a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

   b. The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: (i) the Defendant reserves the right to appeal any term of imprisonment to the extent that it exceeds **one hundred and fifty-one (151)** months imprisonment; (ii) and this Office reserves the right to appeal any term of imprisonment to the extent that it is below **one hundred and twenty (120)** months imprisonment.

   c. Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

   d. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

United States v. Ralph Thomas; Criminal No. JKB-12-0491

### Obstruction or Other Violations of Law

13. The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

### Court Not a Party

14. The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

United States v. Ralph Thomas; Criminal No. JKB-12-0491

### Entire Agreement

15. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

*[Handwritten annotation:]* other than the parties' letter of April 2, 2013 regarding concurrent sentencing in state court. /s/ *[initials]*

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
Brandis Marsh
Special Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

3/25/13 _____
Date             Ralph Thomas

I am Ralph Thomas' attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

3/25/13 _____
Date             Premal Dharia, Esq.